# EXHIBIT A

Jeffery C. Metler (10137)
George L. Chingas, Jr. (8904)
Trevor F. Berrett (14506)
MacArthur, Heder & Metler, PLLC
4844 North 300 West, Suite 300
Provo, UT 84604
Telephone: (801) 377-1900
Facsimile: (801) 377-1901

**Attorney for Plaintiff**

## IN THE THIRD DISTRICT COURT FOR THE STATE OF UTAH, SALT LAKE COUNTY

| | |
|---|---|
| HEATHER P. LOMMATZSCH, an individual<br><br>        Plaintiff,<br><br>        vs.<br><br>TESLA, INC., a California Corporation, TESLA MOTORS UT, INC., a Utah Corporation, and SERVICE KING PAINT & BODY, LLC, a Texas Limited Liability Company DBA SERVICE KING COLLISION REPAIR,<br><br>        Defendants. | COMPLAINT (TIER 3)<br><br><br><br><br><br><br><br><br>Case No.:<br><br>Judge: |

COMES NOW Plaintiff, Heather P. Lommatzsch, individually (hereinafter referred to as

"Plaintiff"), by and through her attorneys, Jeffery C. Metler, George L. Chingas and Trevor F.

Berrett, and alleges and seeks relief as follows:

**PARTIES AND JURISDICTION**

1.      That at the time of the accident, Plaintiff was a resident of Utah County, State of Utah.

2.      That upon information and belief, at all times material hereto, the Defendant Tesla, Inc. is a California Corporation with its principal place of business in Palo Alto, California, and was doing business in Utah.

3.      That upon information and belief, at all times material hereto, the Defendant Tesla Motors UT, Inc. is a California Corporation with its principal place of business in Salt Lake City, Salt Lake County, Utah.

4.      That upon information and belief, at all times material hereto, the Defendant Service King Paint & Body is a Texas limited liability company with its principal place of business in Richardson, Texas, and doing business in Utah as Service King Collision Repair (hereinafter referred to as "Defendant Service King").

5.      That the event out of which this cause of action arose took place and occurred in Salt Lake County, State of Utah.

6.      This court has jurisdiction pursuant to U.C.A. § 78A-5-102.

7.      Pursuant to U.C.A. §78B-3-307, venue is proper in this court.

8.      Pursuant to URCP 8(a), Plaintiff seeks damages in excess of $300,000.00 (Tier 3).

**GENERAL ALLEGATIONS**

9.      At all times relevant to this action, Defendants Tesla, Inc. and Tesla Motors UT, Inc. (hereinafter referred to jointly as the "Tesla Defendants") were engaged in the business of

designing, testing, manufacturing, distributing, promoting, maintaining, and selling motor vehicles which were used in the state of Utah for general public use on public roadways.

10.     At all times relevant to this action, Tesla Defendants distributed and sold its motor vehicles in interstate commerce, knowing or reasonably expecting that its product would be distributed, sold and used in Utah.

11.     That on or about July19, 2016, Plaintiff purchased a motor vehicle manufactured by Defendant Tesla, Inc. and sold by Defendant Tesla Motors UT, Inc. This motor vehicle was a 2016 Tesla Model S (hereinafter the "Tesla Model S").

12.     During the year leading up to the subject accident, Defendant Service King provided service to the Tesla Model S and had replaced a sensor on the Tesla Model S.

13.      That on or about May 11, 2018, Plaintiff was travelling as the restrained driver of the Tesla Model S southbound on Bangerter Highway, South Jordan City, Salt Lake County, State of Utah.

14.     That at the aforesaid date and place, the Tesla Model S was operating in auto-pilot mode.

15.     That at the aforesaid date and place, southbound traffic on Bangerter Highway had come to a complete stop.

16.     That based on conversations with Tesla sales people, Plaintiff understood that the Tesla Model S's safety features would ensure the vehicle would stop on its own in the event of an obstacle being present in the path of the Tesla Model S.

17.     That these safety features failed to engage as advertised and represented by Defendants Tesla, Inc. and Tesla Motors UT, Inc.

18.     That when Plaintiff saw the vehicles stopped in front of her, she attempted to brake but the brakes did not engage.

19.     That when purchasing the Tesla Model S, Plaintiff was told by the salesman at Tesla Motors UT, Inc. that she could drive in autopilot mode and just touch the steering wheel occasionally.

20.     That touching the steering wheel to maintain autopilot mode was demonstrated to Plaintiff when purchasing the vehicle from Tesla Motors UT, Inc.

21.     That at the aforesaid date and place, Plaintiff's Tesla Model S failed to stop and struck the rear end of a third-party vehicle stopped on Bangerter Highway.

22.     As a direct and proximate result of the acts and omissions of Defendants and Plaintiff's use of the Tesla Model S, Plaintiff has sustained severe and permanent injuries and has incurred reasonable and necessary expenses having a value in excess of $3,000.00 pursuant to §31A-22-309 (1)(a)(v) U.C.A.

23.     As a direct and proximate result of the acts and omissions of Defendants and Plaintiff's use of the Tesla Model S, Plaintiff has been injured in her health, strength, and activity and has suffered and will continue to suffer serious physical injuries, pain, discomfort, distress and disability, and has suffered the loss of the pleasures and enjoyment of life and physical impairment, all to her general damage in amounts to be determined at trial.

24.     As a direct and proximate result of the acts and omissions of Defendants and Plaintiff's use of the Tesla Model S, Plaintiff has incurred and will continue to incur future substantial medical bills and other expenses related to the hospitalization, care, treatment and rehabilitation of Plaintiff all to her special damage in amounts to be determined at trial.

25.     As a direct and proximate result of the acts and omissions of Defendants and Plaintiff's use of the Tesla Model S, Plaintiff has incurred a loss of income and a loss of future earning capacity, all to her special damage in amounts to be determined at trial.

### FIRST CLAIM FOR RELIEF
### Negligence (Tesla Defendants)

26.     Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

27.     At all relevant times, the Tesla Defendants were, at a minimum, negligent in developing, designing, manufacturing, producing, testing, promoting, distributing, selling, maintaining, repairing and/or servicing the Tesla Model S, and/or providing adequate warning of the dangers of the Tesla Model S. The negligence of each Tesla Defendant included, but is not limited to, one or more of the following:

a.      Failing to use due care in developing, designing, testing, manufacturing or producing the Tesla Model S so as to avoid the risk of it suddenly and without warning, failing to function as advertised and represented in its auto-pilot capacity.

    b.     Promoting or selling the Tesla Model S when the Tesla Defendants knew or should have known that the product was unreasonably dangerous while operating in autopilot mode.

    c.     Placing the product in the stream of commerce when Tesla Defendants knew or should have known that the product was dangerous and defective and was not accompanied by adequate warnings regarding its foreseeable use.

    d.     On information and belief, failing to timely recall the Tesla Model S or the defective part thereof after Tesla Defendants knew or should have known the dangers associated with its foreseeable use.

    e.     On information and belief, failing to ensure that the parts used to manufacture the Tesla Model S were safe and not defective.

28.     As the designer, manufacturer, producer, promoter, seller, and servicer of the Tesla Model S in question, Tesla Defendants owed a duty to those using the Tesla Model S, including Plaintiff, to make it safe for its intended purpose.

29.     The Tesla Defendants breached this duty because of their negligence and failure to use reasonable care as outlined above.

30.     The Tesla Defendants' negligence in developing, designing, manufacturing, producing, testing, promoting, distributing, selling, and/or servicing the Tesla Model S made the Tesla Model S unreasonably dangerous.

31.     As a proximate and direct result of the Tesla Defendants' negligence, Plaintiff has been injured and damaged as more fully set forth above, in amounts to be determined at trial.

## SECOND CLAIM FOR RELIEF
### Strict Liability (Tesla Defendants)

32.     Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

33.     The Tesla Model S in question was defective or in a defective condition that made it unreasonably dangerous to users.  It was not reasonably safe as intended but was dangerous to an extent beyond that which would be contemplated by the ordinary and prudent user and was not accompanied by adequate warnings regarding its proper use.

34.     The defect or defects in the Tesla Model S existed when it left these Defendants' control.

35.     The Tesla Model S was expected to and did reach the user without substantial change in the condition in which it was sold.

36.     Plaintiff used the Tesla Model S for the purpose for which it was marketed, sold and intended to be used.

37.     Plaintiff could not have discovered and did not discover the defect or defects in the Tesla Model S through the exercise of reasonable care before using the Tesla Model S.

38.     The defects in or the defective condition of the Tesla Model S were the proximate cause of Plaintiff's injuries and damages.

## THIRD CLAIM FOR RELIEF
### Breach of Warranty (Tesla Defendants)

39.     Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

40.     The Tesla Defendants expressly or implicitly warranted that the Tesla Model S in question was merchantable, free from defects, fit for the purpose for which it was intended and sold and fit for its reasonably foreseeable uses.

41.     The Plaintiff relied upon the Tesla Defendants' warranty.

42.     The Tesla Defendants breached the warranties of their product.

43.     The Tesla Defendants' breach or breaches of warranties were the proximate cause of Plaintiff's injuries and damages.

### FOURTH CLAIM FOR RELIEF
### Negligence (Defendant Service King)

44.     Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

45.     Defendant Service King owed a duty of care to Plaintiff while testing, maintaining, servicing, and/or repairing the Tesla Model S.

46.     Defendant Service King breached the duty of care by negligently testing, maintaining, servicing, and/or repairing the Tesla Model S.

47.     Plaintiff has suffered bodily injury and harm as a direct result of Defendant Service King's negligence.

48.     Plaintiff is entitled to recover damages from Defendant Service King for her bodily injury and harm in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as set forth below:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against

Defendants herein to include, but not be limited to:

1.      An amount that exceeds $300,000.00 to compensate her for her individual injuries

and damages incurred, including both economic and noneconomic damages.

2.      Interest accruing from the date the accident occurred.

3.      For such other and further relief as the court deems proper and warranted.

## JURY DEMAND

Plaintiff hereby demands a jury trial for all the issues in this action.

Dated this 4th day of September, 2018

MacArthur, Heder & Metler, PLLC

/s/ Jeffery C. Metler

_____
Jeffery C. Metler
Attorney for Plaintiff

Plaintiff's Address:
1505 South White Street
Lehi, UT 84043

18249.55

METLER JC

HEATHER P. LOMMATZSCH

PLAINTIFF:

      vs.                                                          CONSTABLE'S
    SERVICE KING PAINT AND BODY, LLC DBA SERVICE          PROOF OF SERVICE
          KING COLLISION REPAIR                    CASE:   180906449

DEFENDANT:


PROCESS:

                    SUMMONS & COMPLAINT (TIER 3)


THE UNDERSIGNED PERSON HEREBY CERTIFIES:

                                        Court Date:

    1) I served this process in the manner indicated below. 2) I was at the time of this service a duly qualified
       and acting peace officer or a person over the age of 18 years. 3) I am not a party to this action.
       I endorsed on the front page my name and date and time of service and my company information.

I served:SERVICE KING PAINT AND BODY, LLC DBA SERVICE KING COLLISION REPAIR


  Date Served: 9/7/2018, AT 09:53   HOURS

Address of Service: 1108 E SOUTH UNION AVE,
                Midvale

( X ) Served on this business or organization by giving a copy to or leaving a copy with
  HOLLI THARP,  CT


who is registered agent, or a managing agent, officer, or employee or person in charge
of said organization, designated to receive service of such process pursuant to Rule 4-(d)(1)E,
Utah Rules of Civil Procedure.


ALSO TRIED:

                    Pursuant to 78b-5-705: I certify under criminal penalty of the State of
                    Utah that the foregoing is true and correct.

                              *Grace C Fernlund*

         9/7/2018

Service $   20

Mileage $   32.50                    /S/ GRACE COY FERNLUND

                   LIC. P.I.  #A102024
                     40 N 100 E, PROVO,UT 84606


TOTAL $    52.5
FEE CHARGED PER UCA 17-25a-4-2
FEE NOT SWORN TO BY SERVER

Jeffery C. Metler (10137)
George L. Chingas, Jr. (8904)
Trevor F. Berrett (14506)
MacArthur, Heder & Metler, PLLC
4844 North 300 West, Suite 300
Provo, UT 84604
Telephone: (801) 377-1900
Facsimile: (801) 377-1901

**Attorney for Plaintiff**

## IN THE THIRD DISTRICT COURT FOR THE STATE OF UTAH
## SALT LAKE COUNTY

| | |
|---|---|
| HEATHER P. LOMMATZSCH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., a California Corporation, TESLA MOTORS UT, INC., a Utah Corporation, and SERVICE KING PAINT & BODY, LLC, a Texas Limited Liability Company DBA SERVICE KING COLLISION REPAIR,<br><br>Defendants. | **SUMMONS TO SERVICE KING PAINT & BODY, LLC DBA SERVICE KING COLLISION REPAIR**<br><br><br><br>Case No.: 180906449<br><br>Judge: Mettler |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

**CT Corporation System, as Registered Agent for:**
**Service King Paint & Body, LLC DBA Service**
**King Collision Repair**
**1108 East South Union Avenue**
**Midvale, UT 84047**

1

You are summoned and required to answer the attached Complaint.  Within 21 days after service of this Summons, you must file your written answer with the clerk of the court at the following address: 450 South State Street, Salt Lake City, UT 84114, and you must mail or deliver a copy to Plaintiff's attorney(s) at the address listed above.  If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint.  The Complaint is on file with the clerk of the court.

DATED this 6th day of September, 2018.

MacArthur, Heder & Metler, PLLC

/s/ Jeffery C. Metler

_____

Jeffery C. Metler
Attorney for Plaintiff

18249.52

METLER JC

CONSTABLE'S
PROOF OF SERVICE

PLAINTIFF:  HEATHER P. LOMMATZSCH          CASE:      180906449

vs.

Court Date:

DEFENDANT:  TESLA, INC.

PROCESS:
    SUMMONS & COMPLAINT  TIER 3

THE UNDERSIGNED PERSON HEREBY CERTIFIES:

   1) I served this process in the manner indicated below.
   2) I was at the time of this service a duly qualified and acting peace officer or a person over the age of 18 years.
   3) I am not a party to this action. I endorsed on the front page the date and time of service and my company informa-

I served: TESLA, INC.  %CT CORPORATION SYSTEM

Date Served: 9/7/2018, AT 09:53   HOURS

Address of Service: 1108 E SOUTH UNION AVE   ,

                    Midvale

( X ) Served on this business or organization by giving a copy to or leaving a copy with
 HOLLI THARP, CT

who is registered agent, or a managing agent, officer, or employee or person in charge
 of said organization, designated to receive service of such process pursuant to Rule 4-(d)(1)E,
Utah Rules of Civil Procedure.

                    Pursuant to 78b-5-705: I certify under criminal penalty of the State of
                    Utah that the foregoing is true and correct.

                    /s/
                                    Grace C Fernlund
        9/7/2018

                        /S/ GRACE COY FERNLUND

                        Constable / Deputy/Private Investigator /Server

Service $   20
Mileage $   32.50                  40 N 100 E, PROVO,UT 84606

TOTAL $    52.5
    FEE CHARGED PER UCA 17-25a-4-2
    FEE NOT SWORN TO BY SERVER

Jeffery C. Metler (10137)
George L. Chingas, Jr. (8904)
Trevor F. Berrett (14506)
MacArthur, Heder & Metler, PLLC
4844 North 300 West, Suite 300
Provo, UT 84604
Telephone: (801) 377-1900
Facsimile: (801) 377-1901

**Attorney for Plaintiff**

## IN THE THIRD DISTRICT COURT FOR THE STATE OF UTAH
## SALT LAKE COUNTY

| | |
|---|---|
| HEATHER P. LOMMATZSCH, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> TESLA, INC., a California Corporation, TESLA MOTORS UT, INC., a Utah Corporation, and SERVICE KING PAINT & BODY, LLC, a Texas Limited Liability Company DBA SERVICE KING COLLISION REPAIR, <br><br> Defendants. | **SUMMONS TO TESLA, INC.** <br><br><br><br> Case No.: 180906449 <br><br> Judge: Mettler |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

**CT Corporation System, as Registered Agent for:**
**Tesla, Inc.**
**1108 East South Union Avenue**
**Midvale, UT 84047**

1

You are summoned and required to answer the attached Complaint.  Within 21 days after service of this Summons, you must file your written answer with the clerk of the court at the following address: 450 South State Street, Salt Lake City, UT 84114, and you must mail or deliver a copy to Plaintiff's attorney(s) at the address listed above.  If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint.  The Complaint is on file with the clerk of the court.

DATED this 6th day of September, 2018.

MACARTHUR, HEDER & METLER, PLLC

/s/ Jeffery C. Metler

_____

Jeffery C. Metler
Attorney for Plaintiff

2

18249.53

METLER JC

CONSTABLE'S
PROOF OF SERVICE

PLAINTIFF: HEATHER P. LOMMATZSCH

CASE:    180906449

vs.

Court Date:

DEFENDANT: TESLA MOTORS, INC.

PROCESS:
SUMMONS & COMPLAINT (TIER 3)

THE UNDERSIGNED PERSON HEREBY CERTIFIES:

    1) I served this process in the manner indicated below.

    2) I was at the time of this service a duly qualified and acting peace officer or a person over the age of 18 years.

    3) I am not a party to this action. I endorsed on the front page the date and time of service and my company information.

I served: **TESLA MOTORS UT, INC.**

Date Served: 9/7/2018, AT 09:53   HOURS

Address of Service: 1108 E SOUTH UNION AVE  ,

                     Midvale

( X ) Served on this business or organization by giving a copy to or leaving a copy with
 HOLLI THARP, CT

who is registered agent, or a managing agent, officer, or employee or person in charge
 of said organization, designated to receive service of such process pursuant to Rule 4-(d)(1)E,
Utah Rules of Civil Procedure.

Pursuant to 78b-5-705: I certify under criminal penalty of the State of
Utah that the foregoing is true and correct.

/s/

*Grace C Fernlund*

9/7/2018

/S/ GRACE COY FERNLUND

Constable / Deputy/Private Investigator /Server

Service $    20

Mileage $

40 N 100 E, PROVO,UT 84606

TOTAL $    20

FEE CHARGED PER UCA 17-25a-4-2
FEE NOT SWORN TO BY SERVER

Jeffery C. Metler (10137)
George L. Chingas, Jr. (8904)
Trevor F. Berrett (14506)
MacArthur, Heder & Metler, PLLC
4844 North 300 West, Suite 300
Provo, UT 84604
Telephone: (801) 377-1900
Facsimile: (801) 377-1901

**Attorney for Plaintiff**

## IN THE THIRD DISTRICT COURT FOR THE STATE OF UTAH
## SALT LAKE COUNTY

| | |
|---|---|
| HEATHER P. LOMMATZSCH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., a California Corporation, TESLA MOTORS UT, INC., a Utah Corporation, and SERVICE KING PAINT & BODY, LLC, a Texas Limited Liability Company DBA SERVICE KING COLLISION REPAIR,<br><br>Defendants. | **SUMMONS TO TESLA MOTORS UT, INC.**<br><br><br><br><br><br>Case No.: 180906449<br><br>Judge: Mettler |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

**CT Corporation System, as Registered Agent for:**
**Tesla Motors UT, Inc.**
**1108 East South Union Avenue**
**Midvale, UT 84047**

1

You are summoned and required to answer the attached Complaint. Within 21 days after service of this Summons, you must file your written answer with the clerk of the court at the following address: 450 South State Street, Salt Lake City, UT 84114, and you must mail or deliver a copy to Plaintiff's attorney(s) at the address listed above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint. The Complaint is on file with the clerk of the court.

DATED this 6th day of September, 2018.

MacArthur, Heder & Metler, PLLC

/s/ Jeffery C. Metler

_____

Jeffery C. Metler
Attorney for Plaintiff

HEINZ J. MAHLER - #3832
GARY T. WIGHT - #10994
SMITH D. MONSON - #15455
KIPP AND CHRISTIAN, P.C.
*Attorneys for Defendant Service King Paint & Body, LLC*
*dba Service King Collision Repair*
10 Exchange Place, 4th Floor
Salt Lake City, Utah  84111
Telephone: (801) 521-3773
hjmahler@kippandchristian.com
gwight@kippandchristian.com
smonson@kippandchristian.com

THIRD JUDICIAL DISTRICT COURT

SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| HEATHER P. LOMMATZSCH, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>TESLA, INC., a California Corporation; TESLA MOTORS UT, INC., a Utah Corporation; and SERVICE KING PAINT & BODY, LLC, a Texas Limited Liability Company DBA SERVICE KING COLLISION REPAIR,<br><br>        Defendants. | **ANSWER OF DEFENDANT SERVICE KING PAINT & BODY, LLC DBA SERVICE KING COLLISION REPAIR TO PLAINTIFF'S COMPLAINT**<br><br><br><br>Civil No. 180906449<br>Tier 3<br>Judge Amber Mettler |

Defendant Service King Paint & Body, LLC dba Service King Collision Repair ("Service King"), by and through its counsel, hereby answers Plaintiff's Complaint and affirmatively alleges as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a cause of action against Defendant Service King upon which relief may be granted.

## SECOND DEFENSE

1.      Deny the allegations contained in ¶¶ 1, 2, and 3 of Plaintiff's Complaint for lack of knowledge.

2.      Admit the allegations contained in ¶ 4 of Plaintiff's Complaint.

3.      Deny the allegations contained in ¶¶ 5, 6, and 7 of Plaintiff's Complaint for lack of knowledge.

4.      Deny the allegations contained in ¶¶ 8 of Plaintiff's Complaint.

5.      Deny the allegations contained in ¶¶ 9, 10, and 11 of Plaintiff's Complaint for lack of knowledge.

6.      As to the allegations contained in ¶ 12 of Plaintiff's Complaint, admit that Defendant Service King provided minor repair work to Plaintiff's vehicle, and deny the balance of the allegations contained in ¶ 12.

7.      Deny the allegations contained in ¶¶ 13, 14, 15, 16, 17, 18, 19, 20, and 21 of Plaintiff's Complaint for lack of knowledge.

8.      Deny the allegations contained in ¶¶ 22, 23, 24, and 25 of Plaintiff's Complaint.

9.      As to the allegations contained in ¶¶ 27, 28, 29, 30, and 31 of Plaintiff's Complaint, such allegations appear to be directed against defendants other than this answering Defendant.  However, should any such allegation be asserted against this answering Defendant, any such allegation is hereby denied.

10.     As to the allegations contained in ¶¶ 33, 34, 35, 36, 37, and 38 of Plaintiff's Complaint, such allegations appear to be directed against defendants other than this answering

Defendant.  However, should any such allegation be asserted against this answering Defendant, any such allegation is hereby denied.

11.     As to the allegations contained in ¶¶ 40, 41, 42, and 43 of Plaintiff's Complaint, such allegations appear to be directed against defendants other than this answering Defendant. However, should any such allegation be asserted against this answering Defendant, any such allegation is hereby denied.

12.     Deny the allegations contained in ¶¶ 45, 46, 47, and 48 of Plaintiff's Complaint.

13.     Deny each and every allegation contained in Plaintiff's Complaint, which allegation has not been specifically admitted herein.

**THIRD DEFENSE**

Plaintiff's damages were the direct result of Plaintiff's own negligence or other fault and Plaintiff's claims are therefore barred or must be proportionately reduced.

**FOURTH DEFENSE**

Plaintiff's damages, if any, are the direct and proximate result of the negligence or other fault of persons over whom these answering Defendant has no control and for whose actions this Defendant is not liable.

**FIFTH DEFENSE**

The fault of all parties must be considered and a judgment, if any, apportioned accordingly pursuant to Utah Code Annotated §§ 78B-5-817 through 78B-5-823.

**SIXTH DEFENSE**

Plaintiff's claim for damages is barred to the extent that any such damages have been paid or compensated through "No-Fault insurance/Personal Injury Protection insurance or other

applicable insurance," and this answering Defendant is entitled to an offset or reduction of damages from any award or judgment to the extent of such insurance payments.

### SEVENTH DEFENSE

Plaintiff violated the provisions of Utah Code Annotated §§ 41-6a-601, 41-6a-602, 41-6a-1715, and/or 41-6a-1716 and such other traffic statutes as may be applicable, and Plaintiff's conduct constitutes negligence *per se*.

### EIGHTH DEFENSE

Plaintiff's claim of damages may be subject to Utah Code Annotated § 31A-22-309 and if Plaintiff has failed to meet the threshold requirements of that provision, her claims are barred.

### NINTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on her part to do so, this answering Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

### TENTH DEFENSE

This answering Defendant adopts and incorporates by reference all affirmative defenses raised by any other Defendant in this case.

### ELEVENTH DEFENSE

This answering Defendant reserves the right to raise any additional affirmative defenses which may arise during the course of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Service King Paint & Body, LLC dba Service King Collision Repair respectfully requests that this Court enter a judgment in this Defendant's favor for no cause of action, awarding this Defendant its costs,

attorney's fees, if appropriate, and such other and further relief as this Court deems just and

proper.

       DATED this 24th day of September, 2018.

                     KIPP AND CHRISTIAN, P.C.

                     */s/ Heinz J. Mahler*
                     _____
                     HEINZ J. MAHLER
                     GARY T. WIGHT
                     SMITH D. MONSON
                     *Attorneys for Defendant Service King Paint &*
                     *Body, LLC dba Service King Collision Repair*

## <u>CERTIFICATE OF SERVICE</u>

On this 24th day of September, 2018, I caused a true and correct copy of the foregoing

**ANSWER OF DEFENDANT SERVICE KING PAINT & BODY, LLC DBA SERVICE**

**KING COLLISION REPAIR TO PLAINTIFF'S COMPLAINT** to be electronically filed

through the Utah State Court and served upon the following:

Jeffery C. Metler
George L. Chingas, Jr.
Trevor F. Berrett
MACARTHUR, HEDER & METLER, PLLC
jeff@mhmlawoffices.com
george@mhmlawoffices.com
trevor@mhmlawoffices.com
*Attorneys for Plaintiff*

*/s/ Laura S. Evans*
_____
Laura S. Evans, Legal Secretary
KIPP AND CHRISTIAN, P.C.

6

3RD DISTRICT COURT - SALT LAKE
SALT LAKE COUNTY, STATE OF UTAH

| | | |
|---|---|---|
| HEATHER P LOMMATZSCH, | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| vs. | : | NOTICE OF EVENT DUE DATES |
| | : | |
| | : | |
| | : | |
| TESLA INC , | : | Case No: 180906449 LP |
| Defendant | : | Discovery Tier: 3 |
| | : | Judge: AMBER M METTLER |

To Counsel and Parties:

The district court case management system has automatically generated this notice, calculating the dates set forth below under Utah Rule of Civil Procedure 26. These dates will constitute the schedule for disclosures, fact discovery, expert discovery, ADR and readiness for trial. This schedule does not govern extraordinary discovery.

Based on the date the answer was filed, the following event due dates apply in this case. If any date is a Saturday, Sunday or legal holiday, the due date is the following business day.

| | | |
|---|---|---|
| Date Answer filed: | 24-Sep-18 | |
| * Plaintiff's initial disclosures due: | 08-Oct-18 | (Date answer filed plus 14 days) |
| * Defendant's initial disclosures due: | 05-Nov-18 | (Date answer filed plus 42 days) |
| * Fact discovery completed: | 03-Jun-19 | (Date defendant's disclosures due plus 120, 180, or 210 days, depending on the discovery tier.) |
| * Expert discovery completed: | 07-Oct-19 | (Date fact discovery completed plus 126 days) |
| * ADR completed (unless exempt): | 07-Oct-19 | (Date expert discovery completed) |
| * Certificate of Readiness for Trial due: | 07-Oct-19 | (Date expert discovery completed) |

The parties shall promptly notify the Court of any settlements or stipulations. Self Help Resources are available at www.utcourts.gov.

CERTIFICATE OF NOTIFICATION

I certify that a copy of the attached document was sent to the following people for case 180906449 by the method and on the date specified.

EMAIL:  HEINZ J MAHLER
EMAIL:  JEFFERY C METLER
EMAIL:  SMITH D MONSON
MAIL:  TESLA INC
MAIL:  TESLA MOTORS UT INC
EMAIL:  GARY WIGHT

Date:   September 24, 2018                         /s/ CHRIS DAVIES

_____

_____
Clerk/Clerk of Court

```
                    3RD DISTRICT COURT - SALT LAKE
                  SALT LAKE COUNTY, STATE OF UTAH


                 HEATHER P LOMMATZSCH vs.  TESLA INC
CASE NUMBER 180906449 Product Liability
_____


CURRENT ASSIGNED JUDGE
        AMBER M METTLER


PARTIES
        Plaintiff - HEATHER P LOMMATZSCH
        Represented by: JEFFERY C METLER
        Defendant -  TESLA INC
        Defendant -  TESLA MOTORS UT INC
        Defendant -  SERVICE KING PAINT & BODY LLC
        Represented by: HEINZ J MAHLER
        Represented by: GARY WIGHT
        Represented by: SMITH D MONSON
        Doing Business As -  SERVICE KING COLLISION REPAIR (SERVICE
        KING PAINT & BODY LLC)


ACCOUNT SUMMARY
        TOTAL REVENUE  Amount Due:         620.50
                      Amount Paid:         620.50
                           Credit:           0.00
                          Balance:           0.00
        REVENUE DETAIL - TYPE: COMPLAINT - NO AMT S
                      Amount Due:         360.00
                      Amount Paid:         360.00
                    Amount Credit:           0.00
                          Balance:           0.00
        REVENUE DETAIL - TYPE: TELEPHONE/FAX/EMAIL
                      Amount Due:           5.00
                      Amount Paid:           5.00
                    Amount Credit:           0.00
                          Balance:           0.00
        REVENUE DETAIL - TYPE: JURY DEMAND - CIVIL
                      Amount Due:         250.00
                      Amount Paid:         250.00
                    Amount Credit:           0.00
```

```
CASE NUMBER 180906449 Product Liability
```
_____

```
                        Balance:          0.00
          REVENUE DETAIL - TYPE: TELEPHONE/FAX/EMAIL
                      Amount Due:          5.50
                     Amount Paid:          5.50
                   Amount Credit:          0.00
                        Balance:          0.00
```

```
PROCEEDINGS
09-04-18 Filed: Complaint
09-04-18 Case filed
09-04-18 Fee Account created       Total Due:        360.00
09-04-18 COMPLAINT - NO AMT S     Payment Received:        360.00
09-04-18 Judge AMBER M METTLER assigned.
09-04-18 Filed: Return of Electronic Notification
09-05-18 Fee Account created       Total Due:          5.00
09-05-18 TELEPHONE/FAX/EMAIL      Payment Received:          5.00
            Note: TELEPHONE/FAX/EMAIL
09-06-18 Note: Jury Demand for PLA as submitted 09/04/18 in the
               Complaint.
09-06-18 Fee Account created       Total Due:        250.00
09-06-18 Note: JEFFERY C METLER (Tracy) has been notified of the unpaid
               $250 Jury Demand fee. Advised to pay online or to contact
               the credit card phone line.
09-06-18 JURY DEMAND - CIVIL      Payment Received:        250.00
09-13-18 Note: Complaint and Docket emailed. 11 pages.
09-13-18 Fee Account created       Total Due:          5.50
09-14-18 TELEPHONE/FAX/EMAIL      Payment Received:          5.50
09-18-18 Filed return: Summons on Return Return of Service and Summons -
         Service King Paint  Body upon HOLLI THARP - REGISTERED AGENT
         for
                   Party Served: SERVICE KING PAINT & BODY LLC
                   Service Type: Personal
                   Service Date: September 07, 2018
09-18-18 Filed return: Summons on Return Return of Service and Summons -
         Tesla Motors UT upon HOLLI THARP - REGISTERED AGENT for
                   Party Served: TESLA MOTORS UT INC
                   Service Type: Personal
                   Service Date: September 07, 2018
09-18-18 Filed return: Summons on Return Return of Service and Summons -
```

CASE NUMBER 180906449 Product Liability
_____

          Tesla Inc upon HOLLI THARP - REGISTERED AGENT for
                    Party Served: TESLA INC
                    Service Type: Personal
                    Service Date: September 07, 2018
09-18-18 Filed: Return of Electronic Notification
09-24-18 Filed: Answer of Defendant Service King Paint  Body, LLC dba
          Service King Collision Repair to Plaintiffs Complaint
                SERVICE KING PAINT & BODY LLC

09-24-18 Note: Certificate of Readiness for Trial due 10/07/2019
09-24-18 Filed: NOTICE OF EVENT DUE DATES
09-24-18 Filed: Return of Electronic Notification