HEINZ J. MAHLER - #3832
GARY T. WIGHT - #10994
SMITH D. MONSON - #15455
KIPP AND CHRISTIAN, P.C.
*Attorneys for Defendant Service King Paint & Body, LLC*
*dba Service King Collision Repair*
10 Exchange Place, 4th Floor
Salt Lake City, Utah  84111
Telephone: (801) 521-3773
hjmahler@kippandchristian.com
gwight@kippandchristian.com
smonson@kippandchristian.com

THIRD JUDICIAL DISTRICT COURT

SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| HEATHER P. LOMMATZSCH, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>TESLA, INC., a California Corporation; TESLA MOTORS UT, INC., a Utah Corporation; and SERVICE KING PAINT & BODY, LLC, a Texas Limited Liability Company DBA SERVICE KING COLLISION REPAIR,<br><br>            Defendants. | **ANSWER OF DEFENDANT SERVICE KING PAINT & BODY, LLC DBA SERVICE KING COLLISION REPAIR TO PLAINTIFF'S COMPLAINT**<br><br><br>Civil No. 180906449<br>Tier 3<br>Judge Amber Mettler |

Defendant Service King Paint & Body, LLC dba Service King Collision Repair ("Service King"), by and through its counsel, hereby answers Plaintiff's Complaint and affirmatively alleges as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a cause of action against Defendant Service King upon which relief may be granted.

## SECOND DEFENSE

1. Deny the allegations contained in ¶¶ 1, 2, and 3 of Plaintiff's Complaint for lack of knowledge.

2. Admit the allegations contained in ¶ 4 of Plaintiff's Complaint.

3. Deny the allegations contained in ¶¶ 5, 6, and 7 of Plaintiff's Complaint for lack of knowledge.

4. Deny the allegations contained in ¶¶ 8 of Plaintiff's Complaint.

5. Deny the allegations contained in ¶¶ 9, 10, and 11 of Plaintiff's Complaint for lack of knowledge.

6. As to the allegations contained in ¶ 12 of Plaintiff's Complaint, admit that Defendant Service King provided minor repair work to Plaintiff's vehicle, and deny the balance of the allegations contained in ¶ 12.

7. Deny the allegations contained in ¶¶ 13, 14, 15, 16, 17, 18, 19, 20, and 21 of Plaintiff's Complaint for lack of knowledge.

8. Deny the allegations contained in ¶¶ 22, 23, 24, and 25 of Plaintiff's Complaint.

9. As to the allegations contained in ¶¶ 27, 28, 29, 30, and 31 of Plaintiff's Complaint, such allegations appear to be directed against defendants other than this answering Defendant. However, should any such allegation be asserted against this answering Defendant, any such allegation is hereby denied.

10. As to the allegations contained in ¶¶ 33, 34, 35, 36, 37, and 38 of Plaintiff's Complaint, such allegations appear to be directed against defendants other than this answering

Defendant. However, should any such allegation be asserted against this answering Defendant, any such allegation is hereby denied.

11.     As to the allegations contained in ¶¶ 40, 41, 42, and 43 of Plaintiff's Complaint, such allegations appear to be directed against defendants other than this answering Defendant. However, should any such allegation be asserted against this answering Defendant, any such allegation is hereby denied.

12.     Deny the allegations contained in ¶¶ 45, 46, 47, and 48 of Plaintiff's Complaint.

13.     Deny each and every allegation contained in Plaintiff's Complaint, which allegation has not been specifically admitted herein.

### THIRD DEFENSE

Plaintiff's damages were the direct result of Plaintiff's own negligence or other fault and Plaintiff's claims are therefore barred or must be proportionately reduced.

### FOURTH DEFENSE

Plaintiff's damages, if any, are the direct and proximate result of the negligence or other fault of persons over whom these answering Defendant has no control and for whose actions this Defendant is not liable.

### FIFTH DEFENSE

The fault of all parties must be considered and a judgment, if any, apportioned accordingly pursuant to Utah Code Annotated §§ 78B-5-817 through 78B-5-823.

### SIXTH DEFENSE

Plaintiff's claim for damages is barred to the extent that any such damages have been paid or compensated through "No-Fault insurance/Personal Injury Protection insurance or other

applicable insurance," and this answering Defendant is entitled to an offset or reduction of damages from any award or judgment to the extent of such insurance payments.

### SEVENTH DEFENSE

Plaintiff violated the provisions of Utah Code Annotated §§ 41-6a-601, 41-6a-602, 41-6a-1715, and/or 41-6a-1716 and such other traffic statutes as may be applicable, and Plaintiff's conduct constitutes negligence *per se*.

### EIGHTH DEFENSE

Plaintiff's claim of damages may be subject to Utah Code Annotated § 31A-22-309 and if Plaintiff has failed to meet the threshold requirements of that provision, her claims are barred.

### NINTH DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on her part to do so, this answering Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

### TENTH DEFENSE

This answering Defendant adopts and incorporates by reference all affirmative defenses raised by any other Defendant in this case.

### ELEVENTH DEFENSE

This answering Defendant reserves the right to raise any additional affirmative defenses which may arise during the course of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Service King Paint & Body, LLC dba Service King Collision Repair respectfully requests that this Court enter a judgment in this Defendant's favor for no cause of action, awarding this Defendant its costs,

attorney's fees, if appropriate, and such other and further relief as this Court deems just and proper.

DATED this 24th day of September, 2018.

                                KIPP AND CHRISTIAN, P.C.

                                */s/ Heinz J. Mahler*

                                _____

                                HEINZ J. MAHLER
                                GARY T. WIGHT
                                SMITH D. MONSON
                                *Attorneys for Defendant Service King Paint &*
                                *Body, LLC dba Service King Collision Repair*

## CERTIFICATE OF SERVICE

On this 24th day of September, 2018, I caused a true and correct copy of the foregoing **ANSWER OF DEFENDANT SERVICE KING PAINT & BODY, LLC DBA SERVICE KING COLLISION REPAIR TO PLAINTIFF'S COMPLAINT** to be electronically filed through the Utah State Court and served upon the following:

Jeffery C. Metler
George L. Chingas, Jr.
Trevor F. Berrett
MACARTHUR, HEDER & METLER, PLLC
jeff@mhmlawoffices.com
george@mhmlawoffices.com
trevor@mhmlawoffices.com
*Attorneys for Plaintiff*

/s/ Laura S. Evans

Laura S. Evans, Legal Secretary
KIPP AND CHRISTIAN, P.C.