Tracy H. Fowler (1106)
Kristen J. Overton (16537)
SNELL & WILMER L.L.P.
15 West South Temple, Ste. 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Fax: (801) 257-1800
Email: tfowler@swlaw.com

Thomas P. Branigan (*Pro Hac Vice*)
Matthew G. Berard (*Pro Hac Vice*)
BOWMAN AND BROOKE LLP
41000 Woodward Avenue
Suite 200 East
Bloomfield Hills, MI 48304
Telephone: (248) 205-3300
Fax: (248) 205-3399
Tom.branigan@bowmanandbrooke.com
Matthew.berard@bowmanandbrooke.com
*Attorneys for Tesla, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| HEATHER P. LOMMATZSCH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., a California Corporation, TESLA MOTORS UT, INC., a Utah Corporation, and SERVICE KING PAINT & BODY, LLC, a Texas Limited Liability Company DBA SERVICE KING COLLISION REPAIR,<br><br>Defendants. | **TESLA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE UPON JURY DEMAND**<br><br><br>Case No.: 2:18-CV-00775-PMW<br><br>Magistrate Judge Paul M. Warner |

Defendant, Tesla, Inc. ("Tesla"), by its attorneys, Bowman and Brooke LLP, answers

Plaintiff's Complaint as follows:

1. Tesla neither admits nor denies the allegations contained in paragraph 1 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

2. Tesla states that it is a Delaware corporation with its principal place of business in California.

3. Tesla states that Tesla Motors UT, Inc. is a Utah Corporation with its principal place of business in Utah. Answering further, Plaintiff has agreed to dismiss Defendant Tesla Motors UT, Inc. with prejudice and a stipulation to that effect was submitted to this Court (Dkt. 13).

4. Tesla neither admits nor denies the allegations contained in paragraph 4 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

5. Tesla neither admits nor denies the allegations contained in paragraph 5 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

6. Tesla avers that paragraph 6 of Plaintiff's Complaint contains legal conclusions; therefore, no answer is required of Defendant Tesla. To the extent and answer is required, Tesla admits only that the United States District Court has jurisdiction over this matter pursuant 28 U.S.C. § 1332.

7. Tesla avers that paragraph 7 of Plaintiff's Complaint contains legal conclusions; therefore, no answer is required of Defendant Tesla.

8. Tesla neither admits nor denies the allegations contained in paragraph 8 for the reason that it is without sufficient information to form a belief about the truth of those allegations, but specifically denies that Tesla is liable for Plaintiff's alleged damages and leaves Plaintiff to her proofs.

9. Tesla admits that it sold the subject vehicle to Plaintiff and that it is in the business of designing, testing, manufacturing in part, distributing, promoting and selling vehicles identified as the 2016 Tesla Model S which are used in the state of Utah for general public use on public roadways but denies the remaining allegations in paragraph 9 because they are untrue.

10. Tesla avers that paragraph 10 of Plaintiff's Complaint contains legal conclusions; therefore, no answer is required of Defendant Tesla. To the extent an answer is required, Tesla admits only that it distributed and sold motor vehicles knowing that they would be sold and used in Utah.

11. Tesla admits that the subject vehicle, a 2016 Tesla Model S, was sold and delivered to Plaintiff on or about August 29, 2016. Tesla denies that Tesla Motors UT, Inc. was involved in the sale of the vehicle to Plaintiff.

12. Tesla neither admits nor denies the allegations contained in paragraph 12 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

13. Tesla neither admits nor denies the allegations contained in paragraph 13 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

14. Tesla neither admits nor denies the allegations contained in paragraph 14 for the

reason that it is without sufficient information to form a belief about the truth of those allegations.

15. Tesla neither admits nor denies the allegations contained in paragraph 15 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

16. Tesla neither admits nor denies the allegations contained in paragraph 16 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

17. Tesla denies the allegations contained in paragraph 17 for the reason that they are untrue.

18. Tesla neither admits nor denies the allegations contained in paragraph 18 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

19. Tesla neither admits nor denies the allegations contained in paragraph 19 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

20. Tesla neither admits nor denies the allegations contained in paragraph 20 for the reason that it is without sufficient information to form a belief about the truth of those allegations. Answering further, Tesla denies that Plaintiff purchased the subject vehicle from Tesla Motors UT, Inc.

21. Tesla denies the allegations contained in paragraph 21 that Plaintiff's Tesla Model S failed to stop and struck the rear end of a third-party vehicle stopped on Bangerter Highway

because the allegations are untrue as plead. By way of further statement, Tesla asserts that Plaintiff failed to properly and safely operate her Tesla Model S in accordance with Utah law and information provided by Tesla to Plaintiff.

22. Tesla denies the allegations contained paragraph 22.

23. Tesla denies the allegations contained paragraph 23.

24. Tesla denies the allegations contained paragraph 24.

25. Tesla denies the allegations contained paragraph 25.

26. In response to paragraph 26 of Plaintiff's Complaint, Tesla restates and incorporates by reference its responses to paragraphs 1 through 25 of Plaintiff's Complaint as if fully set forth in this paragraph.

27. Tesla denies the allegations contained in paragraph 27, including subparts a-e, of Plaintiff's Complaint for the reason that they are untrue.

28. Tesla avers that paragraph 28 of Plaintiff's Complaint contains legal conclusions; therefore, no answer is required of Tesla. To the extent an answer is required, the allegations in paragraph 28 incorrectly state the applicable law.

29. Tesla denies the allegations contained in paragraph 29 of Plaintiff's Complaint for the reason that they are untrue.

30. Tesla denies the allegations contained in paragraph 30 of Plaintiff's Complaint for the reason that they are untrue.

31. Tesla denies the allegations contained in paragraph 31 of Plaintiff's Complaint for the reason that they are untrue.

32. In response to paragraph 32 of Plaintiff's Complaint, Tesla restates and

incorporates by reference its responses to paragraphs 1 through 31 of Plaintiff's Complaint as if fully set forth in this paragraph.

33. Defendant Tesla denies the allegations contained in paragraph 33 of Plaintiff's Complaint for the reason that they are untrue.

34. Tesla denies the allegations contained in paragraph 34 of Plaintiff's Complaint for the reason that they are untrue.

35. Tesla neither admits nor denies the allegations contained in paragraph 35 for the reason that the allegations are vague, unclear as to timeframe, or otherwise unintelligible, and thus Tesla is without sufficient information to form a belief about the truth of those allegations. Answering further, Tesla admits that the subject vehicle was not substantially changed in condition between the time the vehicle was manufactured and assembled and the date of delivery and when it was delivered to Plaintiff by Tesla.

36. Tesla neither admits nor denies the allegations contained in paragraph 36 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

37. Tesla denies that the vehicle was defective and denies the remaining allegations contained in paragraph 37 of Plaintiff's Complaint for the reason that they are untrue.

38. Tesla denies that the vehicle was defective and denies the remaining allegations contained in paragraph 38 for the reason that they are untrue.

39. In response to paragraph 39 of Plaintiff's Complaint, Tesla restates and incorporates by reference its responses to paragraphs 1 through 38 of Plaintiff's Complaint as if fully set forth in this paragraph.

40. Tesla avers that paragraph 40 of Plaintiff's Complaint contains legal conclusions; therefore, no answer is required of Tesla. To the extent an answer is required, Tesla states that Tesla's New Vehicle Limited Warranty was provided to Plaintiff, the original purchaser, at the time of the initial retail sale of the subject vehicle and said warranty is in writing and speaks for itself.

41. Tesla neither admits nor denies the allegations contained in paragraph 41 for the reason that it is without sufficient information to form a belief about the truth of those allegations.

42. Tesla denies the allegations contained in paragraph 42 of Plaintiff's Complaint for the reason that they are untrue.

43. Tesla denies the allegations contained in Paragraph 43 of Plaintiff's Complaint for the reason that they are untrue.

44. In response to paragraph 44 of Plaintiff's Complaint, Tesla restates and incorporates by reference its responses to paragraphs 1 through 43 of Plaintiff's Complaint as if fully set forth in this paragraph.

45. Tesla neither admits nor denies the allegations contained in paragraph 45 for the reason that they apply to a party other than Tesla and Tesla is without sufficient information to form a belief about the truth of those allegations.

46. Tesla neither admits nor denies the allegations contained in paragraph 46 for the reason that they apply to a party other than Tesla and Tesla is without sufficient information to form a belief about the truth of those allegations.

47. Tesla neither admits nor denies the allegations contained in paragraph 47 for the

reason that they apply to a party other than Tesla and Tesla is without sufficient information to form a belief about the truth of those allegations.

48.     Tesla neither admits nor denies the allegations contained in paragraph 48 for the reason that they apply to a party other than Tesla and Tesla is without sufficient information to form a belief about the truth of those allegations.

WHEREFORE, Defendant, Tesla, Inc., respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice and to enter a judgment of no cause of action in favor of Defendant Tesla, Inc., including costs, expenses, and attorney fees, interest and all other relief as the Court may deem proper.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      Tesla has completely performed and fulfilled all of its obligations under and pursuant to the only warranty of any kind, either express or implied, written or oral, which it or anyone acting on its behalf has made with respect to the subject vehicle or any of its component parts referred to in the Complaint. Tesla's New Vehicle Limited Warranty was provided to the original purchaser at the time of the initial retail sale of the subject vehicle, and said warranty speaks for itself.

3.      To the extent that discovery supports the same, Tesla asserts the defense of spoliation of evidence by Plaintiff.

4.      That the subject vehicle was not defective or unreasonably dangerous in any manner, and the condition of the subject vehicle did not cause or contribute to cause Plaintiff's

damages as alleged in her Complaint.

5. That all damages allegedly sustained by Plaintiff may be attributable to a cause or causes other than the condition of the subject vehicle, including, but not limited to, negligent operation and misuse.

6. That the subject vehicle was designed, manufactured and sold in accordance with the state-of-the-art and in compliance with and in conformance to administrative, industry, regulatory or statutory codes, standards, specifications or schemes approved by the United States or Utah, or agencies thereof, that were applicable to the subject vehicle at the time of its manufacture and sale.

7. That the subject vehicle was manufactured and sold in accordance with the state-of-the-art and in compliance with and in conformance to applicable statutes, regulations, requirements and mandates approved by the United States and by the State of Utah and agencies thereof that governed the subject vehicle at the time of its manufacture and sale and, accordingly, Plaintiff's state law claims are barred under the doctrine of federal preemption.

8. That the subject vehicle may not be in the same or substantially the same condition as when it left Tesla's control.

9. Plaintiff's damages, if any, may have been caused by Plaintiff or some other third-party's misuse, abuse, unauthorized alteration or modification of, or failure to maintain the subject vehicle or Plaintiff's assumption of risk related to her operation of the vehicle.

10. Plaintiff's injuries and damages, if any, were caused or contributed to by Plaintiff's failure to comply with the written and oral instructions relating to use of the subject vehicle and therefore Plaintiff's recovery, if any, should be diminished or barred in accordance

with law.

11.     Plaintiff's injuries and damages, if any, were legally and proximately caused by Plaintiff's failure to follow the warnings supplied with the vehicle, which warnings adequately warned of the risks involved in the vehicle's use or misuse.

12.     Plaintiff's damages, if any, were legally and proximately caused by, and arose of, risks of which Plaintiff had both knowledge and understanding and thereby voluntarily assumed such risks related to her operation of the vehicle.

13.     Plaintiff was responsible for the operation of the subject vehicle and the incident described in the Complaint and Plaintiff's damages were caused by her failure to control the subject vehicle, and such failure constitutes negligence per se on the part of Plaintiff.

14.     That the damages allegedly sustained by Plaintiff may have been caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risks, misuse or abuse, failure to mitigate damages, or any other fault pursuant to U.C.A. § 78B-5-818(2); and that such acts, omissions or fault, to any degree, completely bar recovery by Plaintiff.

15.     Tesla's liability, if any, is several only and therefore it is only liable for the damages assigned to Tesla based on its percentage of responsibility, which responsibility and liability it expressly denies.

16.     Plaintiff's damages, if any, were proximately caused by or contributed to by the acts of other parties, persons, or entities, and these acts were an intervening and superseding cause of the damages, if any, thus barring Plaintiff from recovery against Tesla.

17.     Plaintiff was capable of and may have failed to mitigate her damages, if any.

18. Plaintiff's damages, if any, may have been caused by the acts or omissions of third-parties or other entities, over which Tesla has or had no control, or right of control, and for whom it is not responsible.

19. To the extent that Plaintiff is asserting a "crashworthiness" claim, that any rule of law, under the so-called "crashworthiness" doctrine, which alleviates Plaintiff's burden of proving an alternative reasonable design, practicable under the circumstances, the injuries, if any, that would have occurred if that alternative design had been used, and the extent of enhanced injuries attributable to the alleged defective design, or which shifts the burden of disproving any of those elements to this Defendant, is unconstitutional and in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and applicable sections of the Constitution of the State of Utah, and furthermore, violates public policy.

20. While specifically denying liability for the injuries alleged in the Plaintiff's Complaint, to the extent any of Plaintiff's alleged damages have been recovered by way of insurance proceeds or prior settlement of any claims relating to the transaction or occurrence described in Plaintiff's Complaint, Tesla is entitled to a set-off of any such amount against any potential award entered against it in this matter.

21. To the extent the following affirmative defenses are applicable, based upon the evidence known in this matter or that may be determined in the future, and to preserve the same, Tesla invokes the following defenses of accord and satisfaction, arbitration and award, contributory negligence, comparative negligence, assumption of the risk, offset on account of use or such other measure allowed by law, waiver, equitable estoppel, judicial estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res*

*judicata*, collateral estoppel, statute of frauds, statutes of limitations, any applicable statute of repose, and any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Defendant, Tesla, Inc., respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice and to enter a judgment of no cause of action in favor of Defendant, Tesla, Inc. including costs, expenses, and attorney fees, interest and all other relief as the Court may deem proper.

## RESERVATION OF RIGHTS

Tesla reserves the right to file such additional affirmative defenses as may be appropriate upon completion of its investigation and discovery throughout trial.

## RELIANCE UPON JURY DEMAND

Tesla relies on the Jury Demand made by Plaintiff in her Complaint dated September 4, 2018 and hereby demands a trial by jury.

DATED:	October 11, 2018	Respectfully Submitted,

/s/Tracy H. Fowler_____
Tracy H. Fowler
Snell & Wilmer LLP

*and*

Thomas P. Branigan (*Pro Hac Vice*)
Matthew G. Berard (*Pro Hac Vice*)
BOWMAN AND BROOKE LLP

*Attorneys for Tesla, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. mail and email on the following counsel on the 11th day of October 2018, as well as filed using this Court's CM/ECF system:

Jeffery C. Metler (10137)
George L. Chingas, Jr. (8904)
Trevor F. Berrett (14506)
MacArthur, Heder & Metler, PLLC
4844 North 300 West, Suite 300
Provo, UT 84604
George@mhmlawoffices.com
trevor@mhmlawoffices.com

*/s/ Tracy Fowler*